## Boody vs. Keating.

The owner of goods stolen cannot maintain a civil action for the injury, till after the conviction or acquittal of the party charged with the taking.

This was an action of trover for a bag of money, stolen in *July,* 1824, by the defendant, who has since been convicted of the larceny and sentenced. This action was commenced before the conviction. And at the trial, which was before the Chief Justice, a default was entered *pro forma*, subject to the opinion of the court whether the action was maintainable.

*Longfellow*, for the defendant, argued that the action was not maintainable, it being against public policy to permit the party injured to pursue his private remedy, until after conviction. *Yelv* 90, *a. note* 2. 5 *Bac. Abr.* 265. *Tatlock v. Harris* 3 *D. & E.* 178. *Mead v. Young* 4 *D. & E.* 30. *Masters v. Miller* 4 *D. & E.* 332. *Gibson v. Minet* 1 *H. Bl.* 569. *Sty.* 346.

*Fessenden* and *Deblois*, for the plaintiff, said that the principles of the common law of England did not apply to the course of practice here. There the goods of the felon were vested in the king from the time of the felony done ; and hence the remedy by

action was fruitless, and the private wrong merged in the public injury. Afterwards, to incite the party injured to greater vigilance in detecting the offender, he was allowed a writ of restitution for his goods, by *Stat.* 21. *Hen.* 8, *cap.* 11. 5 *D. & E.* 175. 6 *Bac. Abr.* 689. 2 *Rol. Abr.* 557. 15 *Mass.* 78. But in this country these reasons have no applicatiou. *Boardman v. Gore & al.* 15 *Mass.* 336. Our laws are sufficient to bring offenders to justice, without coercing the party injured by any denial or suspension of his civil remedy.

WESTON J. delivered the opinion of the court as follows.

It appears that in *July* 1824, the defendant stole a bag of money of the plaintiff, for which this action of trover was brought in the same month of *July*; and that the defendant was convicted of the larceny, at the following *October* term of the Common Pleas for this county. From an inspection of the English authorities cited in the argument, it is manifest that this action cannot be sustained until after the conviction of the party charged, or until after his acquittal ; and from a note in *Metcalf's* edition of *Yelverton*, it appears, that the late Chief Justice *Sewall*, in a case before him in *October* term, 1813, in the county of *Norfolk*, recognized this to be the law in Massachusetts. It is contended however, that the reason upon which this law is founded, not existing here or being applicable to us, the law ought not to be considered as in force in this country. In support of this position, it is urged that the principal reason why the action has not been sustained in England is, that a better remedy is afforded by the statute of *Henry* the eighth, namely, by writ of restitution. Prior to that statute however, it was the ancient doctrine of the common law, that the civil injury was merged in the felony ; so that the remedy therein provided cannot be considered as substituted for that by action, but as affording a remedy to the party injured, where none existed before.

The ancient doctrine of merger, being founded upon the feudal principle of forfeiture, and upon the paramount claims of the king ; as well as from the nature of the punishment, which went

to the life of the guilty party; may be considered as inapplicable here. But it is by no means so manifest that the principles of public policy, which have been the basis of the later English decisions, ought not in this country to produce the same result. With respect to the argument arising from the writ of restitution, provided by the statute of *Henry* the eighth, in addition to what has been before remarked upon that subject, it may be observed, that our statute provides a remedy somewhat analogous, directing the sheriff or other officer, upon the warrant or other process issued for the arrest of the party accused, to seize and secure the money, goods, or other articles alleged to have been stolen, to make an inventory of the same, for the safe keeping of which he is made accountable; and providing further that, whenever the conviction of the party accused shall be had upon the prosecution, and by the care and diligence, of the owner of any money, goods, or articles thus seized, such owner shall and may have restitution thereof immediately after such conviction, by an order in open court, or by a writ of restitution, as the case may require. And further provision is made by statute in his behalf, by an appropriation to his use of the net earnings of the convict, or by his services directly to the party injured, or by disposing of his person for a limited period.

In support of the argument, on the part of the counsel for the plaintiff, the opinion of chief justice *Parker* in the case of *Boardman v. Gore & al.* 15 *Mass.* 336, has been adduced. If the English doctrine, as there stated by him, as we believe for sound reasons, is limited to larcenies and robberies, it was inapplicable to the case then under consideration. The opinion therefore intimated by him, was not essential to the decision of that cause; and upon consideration, we feel ourselves constrained to regard as the better opinion, that which was given by his predecessor, chief justice *Sewall.* The public good requires that in this country, as well as in England, offenders should be brought to justice; and if the civil remedy in favor of the party injured, is postponed until a public prosecution has terminated, he will be stimulated to effect this as speedily as possible. And he will be further induced to procure criminal process, to search for and secure the

goods stolen, which, if he continues faithful to the public interest, will be ultimately restored to him. But if he is permitted to pursue his civil remedy before conviction, there may be reason to apprehend that the claims of public justice may be disregarded, which must be considered as paramount to individual interests. Besides, until after the termination of the criminal prosecution, the law requiring that the goods should be seized and retained by the officer, it cannot be known what portion of these goods may be restored to the owner, which must necessarily affect the measure of damages in the civil action.

It has been urged, that the conviction having taken place prior to the trial, the objection now made ought not to prevail ; but the authorities to this point, adduced by the counsel for the defendant, clearly prove that the action cannot be maintained, unless there was a right to prosecute it, at the time of its commencement.

According to the agreement of the parties, the default is to be taken off, and a nonsuit entered.